By the Court.
May H. Webb was not originally liable upon the notes; but her husband assumed their payment, and she as his surety pledged her separate estate to secure that obligation. ¿ It is well settled that a mortgage is only a security for the performance of some obligation, and if that is void, it is of no avail."] All the parties to the notes as well as to the mortgage resided at the time in the state of Indiana, and performance, that is to say, payment, was to be made in that state. It was in every sense an Indiana contract; and, as to the capacity of the parties to make it, must be governed by the laws of that state. Story’s Conflict of Laws, §§ 65, 66, 66a, 242, 243; Lockwood v. Mitchell, 7 Ohio St., 388, 405; Wharton on Conflict of Raws, §§ 398, 399,400. By the laws of that state a married woman is incapable of making a contract, binding her as surety or guarantor in any form; it is declared void. Hence, though a married woman is under no such disability in this state, yet the mortgage of May H. Webb, having been executed in the state of Indiana, where she was then domiciled, to secure an obligation to be performed in that state, and, by whose laws she had no capacity to make it, is void here as well as .in that state.

Judgment affirmed.